# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SUSAN GWYNNE,

     Petitioner,     Case No. 2:24-cv-3866

          :

 - vs -        District Judge James L. Graham
           Magistrate Judge Michael R. Merz

WARDEN, Ohio Reformatory
 for Women,

          :

     Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner Susan Gwynne with the assistance of counsel to obtain relief from her sentence to sixty-five years imprisonment imposed by the Delaware County Court of Common Pleas.  The case is pending on the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), Petitioner's Reply (ECF No. 9), and Supplemental Memoranda filed by Petitioner (ECF No. 13) and Respondent (ECF No. 14).

**Litigation History**

On June 15, 2016, the Delaware County grand jury indicted Gwynne on 101 counts, including thirty-one counts of burglary in violation of Ohio Rev. Code § 2911.12(A)(2), forty-

1

three counts of theft in violation of Ohio Rev. Code § 2913.02(A)(1), fifteen counts of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A), and twelve counts of possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A)(Indictment, State Court Record, ECF No. 6, Ex. 1). On September 21, 2016, after plea negotiations with the State, Gwynne withdrew her original plea of not guilty and entered a plea of guilty to seventeen counts of burglary, fourteen counts of theft, and fifteen counts of receiving stolen property (Written Plea Agreement, State Court Record, Ex. 3). At the sentencing hearing,

> {¶5}The state recommended 42 years incarceration. Counsel for appellant advocated for intensive supervision community control, and a period of time in a community based correctional facility.
>
> {¶ 6} Departing from either of these recommendations, the trial court imposed a sentence of three years for each of the 15 second degree felony burglaries, 12 months for each of the third degree felony thefts, 12 months for each of the fourth degree felony thefts, and 180 days for each first degree misdemeanor receiving stolen property. The court ordered appellant to serve the felony sentences consecutively, and the misdemeanor sentences concurrently for an aggregate total of 65 years incarceration.

*State v. Gwynne*, 173 N.E.3d 603, 605, 2021-Ohio-2378 (Ohio App. 5th Dist. July 9, 2021)("*Gwynne III*"). On direct appeal, the Fifth District Court of Appeals reversed and remanded. *State v. Gwynne,* 2017-Ohio-7570 Ohio App. 5th Dist. Sept. 11, 2017)("*Gwynne I*"). However, the Ohio Supreme Court accepted jurisdiction and itself reversed and remanded. *State v. Gwynne*, 158 Ohio St. 3d 279 (Nov. 21, 2019)(*Gwynne II*"). On remand the Fifth District affirmed the conviction and sentence. *Gwynne III.*

Gwynne filed an application for reopening, asserting claims of ineffective assistance of appellate counsel (State Court Record, ECF No. 6, Ex. 44). The Fifth District denied reopening and Gwynne took no appeal. *Id.* at Ex. 46.

However, she did appeal the judgment in *Gwynne III* and the Ohio Supreme Court accepted

jurisdiction.  At first it reversed the Fifth District.  *State v. Gwynne*, 173 Ohio St. 3d 440 (Dec. 23, 2022)("*Gwynne IV*"), but on reconsideration reversed itself. *State v. Gwynne,* 173 Ohio St. 3d 525 (Oct. 25, 2023)("*Gwynne V*").

Petitioner then filed her Petition in this Court on August 20, 2024, pleading the following Ground for Relief:

> **Ground One:** Ms. Gwynne's 65-year sentence—effectively life without parole—is grossly disproportionate to her conduct, and thus violates the Eighth Amendment's prohibition against cruel and unusual punishment.
>
> **Supporting Facts:** Ms. Gwynne, with no prior criminal record, pleaded guilty to multiple counts that did not involve great financial sums, and did not involve violence or threats thereof. Despite accepting responsibility, being statutorily eligible for a non-prison sentence, and being found to pose a low risk of reoffending, she was sentenced to 65 years in prison. The Ohio court of appeals found that her sentence "shocks the conscience," but also found that state supreme court precedent wholly precluded Eighth Amendment review. Applying the Eighth Amendment's proportionality requirement would require her current, unconstitutional sentence to be vacated.

(Petition, ECF No. 1, Page ID 5).

## Positions of the Parties

### Respondent's Return of Writ

In the Return of Writ (ECF No. 7), Respondent asserts *Gwynne III* was the last state court decision on the merits of Petitioner's Eighth Amendment claim and therefore the decision reviewable in habeas under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  Respondent asserts *Gwynne III* is entitled to

deference because it is neither contrary to nor an objectively unreasonable application of the relevant Supreme Court precedent.

### Petitioner's Reply

Petitioner agrees *Gwynne III* is the last state court decision on the merits of her Eighth Amendment claim and is therefore the decision to be reviewed here (Reply, ECF No. 9, PageID 1078, citing *Brown v. Davenport*, 596 U.S. 118, 141-42 (2022). But in denying Ms. Gwynne's Eighth Amendment claim, the Fifth District held it was precluded from considering the aggregate sentence by *State v. Hairston,* 118 Ohio St. 3d 289 (2008), which held when "individual sentences imposed by the court are within the range of penalties authorized by the legislature, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice and do not constitute cruel and unusual punishment." *Id.* at ¶ 23. Petitioner notes Respondent raised no failure to exhaust defense.

Petitioner asserts the three most relevant Supreme Court cases are *Solem v. Helm*, 463 U.S. 277 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991); and *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003)(Reply, ECF No. 9, PageID 1081. Instead of following *Hairston*, the Fifth District should have compared Ms. Gwynne's sentence with those in other comparable cases of which she cites several. *Id.* at PageID 1082-83.

Petitioner notes that the sole Supreme Court precedent relied on in *Hairston* was *O'Neil v. Vermont*, 144 U.S. 323 (1892), and that *O'Neill* itself had relied on *Pervear v. The Commonwealth*, 72 U.S. (5 Wall.) 475 (1866). Because the Fifth District had identified *Solem* as relevant but then declined to apply it, Petitioner argues the case is comparable to *Lafler v. Cooper*, 566 U.S. 156,

173 (2012), where the state court acknowledged *Strickland v. Washington,* 466 U.S. 668 (1984), as applicable but then declined to apply it. Petitioner concludes by arguing her sentence is grossly disproportionate because she "1) was not a recidivist and was not deemed to present a high risk of reoffending, 2) did not threaten or inflict physical harm, 3) did not cause great financial harm, and 4) did accept responsibility for her actions." (Reply, ECF No. 9, PageID 1086).

Having considered these pleadings, the Court requested additional briefing on several questions:

1. Reading the Petition as raising the claim that Petitioner was entitled to a Fifth District ruling on the merits of her Eighth Amendment, was that a claim she intended to make and should she amend the Petition to make that claim explicitly?

2. Is the Fifth District's finding that Petitioner's sentence "shocks the conscience" a finding of fact or a conclusion of law?

(Order, ECF No. 12, PageID 1095).

**Petitioner's Supplemental Brief**

Petitioner's Supplemental Brief notes that she has argued throughout the case that the Fifth District committed constitutional error in the manner in which it decided her Eighth Amendment claim. Therefore this Court should decide that question on the merits, find in her favor, and issue an unconditional writ. She argues the Fifth District's finding that her sentence "shocks the conscience" is a mixed finding of law and fact, but she offers no supporting authority. She also offers no direct comment on the question whether an amendment is needed (ECF No. 13).

**Respondent's Supplemental Brief**

Responding to Petitioner's Supplemental Brief, the Warden asserts Petitioner never fairly presented to the state courts her claim "that the state appellate court incorrectly relied on *Hairston* and should have applied *Solem* or *Harmelin*." (ECF No. 14, PageID 1101). Without saying so expressly, this amounts to an assertion that Petitioner's claim is procedurally defaulted.

Next Respondent asserts Petitioner's claim fails on the merits because it is neither contrary to nor an unreasonable application of clearly established federal law. *Id.* at 1101-03.

Third, Respondent asserts the Fifth District's "shocks the conscience" finding did not relate to Petitioner's Eighth Amendment claim, but rather to a claim made under state law. *Id.* at PageID 1104.

Lastly, Respondent cites Eighth Circuit precedent for the proposition that whether a sentence "shocks the conscience" is a question of law. *Id.* at PageID 1104-05.

# Analysis

The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, not excessive fines imposed, nor cruel and unusual punishments inflicted." Part of the Bill of Rights, the Eighhth Amendment was originally held not to apply to the States. *O'Neill, supra,* citing *Barron v. Baltimore*, 32 U.S. (7 Pet.) 243 (1833). Like most precedent following *Barron*, *O'Neill* has been overruled as to the Cruel and Unusual Punishment Clause. *Robinson v. California*, 370 U.S. 660 (1962).

Federal habeas corpus is available only to correct federal constitutional violations. 28

6

U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).  The parties recognize this and have not asked the Court to decide any question of Ohio law, but only whether the sentence Petitioner is now serving constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), this Court can grant habeas corpus relief only if the state court decision is contrary to or an objectively unreasonable application of clearly established federal law as set forth in the holdings of Supreme Court precedent.  When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

**Whether the Sentence "Shocks the Conscience" is Not Material**

The Fifth District Court of Appeals held twice that Petitioner's sentence "shocks the conscience". *Gwynne I* and *III, supra.* Despite having requested briefing on this question, the Magistrate Judge has now decided it is a red herring.

The phrase "shocks the conscience" gained constitutional significance from *Rochin v. California,* 342 U.S. 165 (1952). In an opinion by Mr. Justice Frankfurter, the Court held that a conviction for possession of illicit drugs, obtained by non-consensual stomach pumping at the instance of law enforcement, "shocked the conscience" and thereby violated the Fourteenth Amendment.[1] That test has been applied in a number of contexts since *Rochin*, but not by the Supreme Court in applying the Cruel and Unusual Punishment Clause. Whether the sentence imposed in this case would shock the conscience of the relevant community is not determinative.

**Petitioner's Ground for Relief is Not Barred by Procedural Default**

[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. *Davila v. Davis,* 582 U.S. 521, 527 (2017); *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner,* 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). A federal constitutional claim may be procedurally defaulted if it is not fairly presented

---

[1] Concurring, Mr. Justice Black adhered to his view expressed in *Adamson v. California,* 332 U.S. 46 (1947), that the Fourteenth Amendment incorporates the entire Bill of Rights. The Court has never adopted that position. *McDonald v. Chicago*, 561 U.S. 742 (2010).

to the state courts. *Lovins v. Parker,* 712 F.3d 283, 295 (6th Cir. 2013); *Hand v. Houk,* 871 F.3d 390, 418 (6th Cir. 2017).

However, procedural default is an affirmative defense and may be waived by failing to assert it. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc), *citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). In the Order for Answer in this case, Magistrate Judge Silvain prescribed "said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent . . ." (ECF No. 2, PageID 18). By failing to plead lack of fair presentation in her Answer, Respondent has waived that defense.

### Is Petitioner's Sentence Grossly Disproportionate to Her Crime?

The syllabus[2] in *Hairston* reads "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." Consonant with the Syllabus, the body of the opinion holds

> The sole issue before this court concerns whether the aggregate, 134–year prison term imposed on Marquis Hairston constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. Because this aggregate term of incarceration resulted from Hairston's guilty pleas to four counts of aggravated robbery, four counts of kidnapping, three counts of aggravated burglary, all with firearm specifications, and three counts of having a weapon while under disability, and because none of his individual sentences are grossly disproportionate to their respective offenses, we conclude that his aggregate sentence is not unconstitutional.

---

[2] The so-called Syllabus Rule, which made the syllabus of an Ohio Supreme Court opinion the only statement of "law" in an opinion, was adopted in 1858 and abolished (thankfully) in 2012 when the Court re-wrote its Rules for the Reporting of Opinions. Thus both the syllabus and the body of the opinion are now statements of the law.

118 Ohio St. 3d at 290, ¶ 1.  Although this paragraph adverts to the Ohio Constitution, the Ohio court made it clear it had accepted only the federal constitutional question for review.[3]  The court plainly held that the aggregate sentence did not constitute cruel and unusual punishment because none of the individual sentences for the offenses of conviction was grossly disproportionate to that particular offense.

The Fifth District in *Gwynne III* found itself bound by *Hairston*:

> {¶ 30} None of Gwynne's individual sentences are disproportionate to their respective sentences [sic; should this read "offenses"?], nor does she argue they are. Thus, although Gwynne can absolutely distinguish appellant Hairston's career criminal behavior from her own, the fact remains that we are bound by this precedent and must examine the individual sentences imposed rather than the aggregate. Although we maintain Gwynne's aggregate sentence is disproportionate to her conduct and shocks the conscience, each of Gwynne's individual sentences are within the range authorized under R.C. 2929.14. We must therefore reach the same conclusion the *Hairston* court did at ¶ 23: "Because the individual sentences imposed by the court are within the range of penalties authorized by the legislature, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice and do not constitute cruel and unusual punishment."

*Gwynne III, supra.*

The Magistrate Judge concludes the decision is *Gwynne III* is contrary to clearly established federal law as set forth in *Solem, supra.*  In that case, the United States Supreme Court held in an opinion written by Justice Powell for himself and four other Justices, "as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted."  463 U.S. at 290.  Justice Powell noted that proportionality of punishment to offense had been accepted as part of English law since Magna Carta and cited Blackstone to that

---

[3] "[W]e agreed to consider the following proposition of law: 'A violation of the Eighth Amendment to the United States Constitution occurs where a Defendant is sentenced to 134 years incarceration for three aggravated robberies where injuries are non-life threatening.'" *Id.* at ¶ 10.  The petitioner in *Hairston* reportedly did not seek certiorari.

effect; our own Supreme Court had recognized the applicability of the proportionality principle since *Weems v. United States*, 217 U.S. 349 (1910). Applying the proportionality principle the Court concluded that a sentence of life without the possibility of parole was unconstitutional under the facts of *Solem*. The sentencing court, it was held, should consider both the gravity of the offense and the severity of the penalty. *Id.* at 291. It could also consider penalties imposed for similar crimes in its own or other jurisdictions.

The Fifth District recognized that *Solem* continues to be good law, but declined to apply it because the Ohio Supreme Court had adopted a categorical rule in *Hairston* that an aggregate sentence with consecutive sentences for separate felonies did not constitute cruel and unusual punishment so long as the individual sentences were within the limits imposed by statute.

Without doubt an Ohio appellate court has a duty to abide by precedent from the Ohio Supreme Court even when that court is interpreting the United States Constitution. However, it has a higher duty to abide by United States Supreme Court precedent when interpreting the federal Constitution. The Founders saw fit to impose on all state judges – indeed on all American public officials – the duty to treat the United States Constitution as the supreme law. See Article VI.

The text of the Eighth Amendment does not speak to the question of whether a sentencing court should apply the Cruel and Unusual Punishment Clause to individual offenses or to the collective offenses for which a person is being sentenced at the same time. The text does not suggest a categorical answer.[4] It seems likely, however, that the Fifth District's "shocks the conscience" finding implies a reaction to the collective sentence. Neither the text nor the cited

---

[4] In Textualism and the Eighth Amendment, 2024 Harv. Jnl. Law & Pub. Policy Per Curiam 5, Judge Thomas Hardiman of the Third Circuit reminds the reader how far from a textualist approach the Supreme Court departed in *Trop v. Dulles*, 356 U.S. 86 (1958), when it overturned a sentence of expatriation as cruel and unusual punishment for desertion in wartime, holding the Cruel and Unusual Clause must draw its "meaning from the evolving standards of decency that mark the progress of maturing society." (Recall that General (later President) Dwight Eisenhower sentenced private Eddie Slovik to death for desertion during the Battle of the Bulge). Neither party has commented on the applicability of *Trop*.

precedent require reading the Cruel and Unusual Clause as inapplicable to an aggregated sentence.

In opposing relief, Respondent relies on two prior decisions of the undersigned. Neither of them supports dismissal of the Petition.

In *Hawkins v. Warden*, 2020 WL 7046889 (S.D. Ohio 2020), the state court had imposed consecutive sentences for two firearms specifications. The undersigned found Petitioner's Eighth Amendment claim was procedurally defaulted and, in the alternative, "[a] twenty-year sentence within a range agreed to by the offender is not simply not a disproportionate sentence for an intentional killing." No implication can be drawn from *Hawkins* that a court may not apply *Solem* to an aggregated sentence.

In *Hand v. Turner,* 2019 WL 699357 (S.D. Ohio 2019), the cited opinion was rendered on preliminary review under Rule 4 of the Rules Governing § 2254 Cases[5]. The Ohio Second District Court of Appeals had relied on *Hairston*, but the undersigned's opinion did not depend on *Hairston* for the relevant Supreme Court law, but rather found the Second District's application of *Hairston* **in this case** was a reasonable application of Supreme Court precedent. The opinion went on to apply the Supreme Court precedent (*Solem, Harmelin*, etc.) directly and found that forty years was not a grossly disproportionate sentence for six armed robberies. *Hand* also did not conclude Supreme Court precedent required considering offenses individually.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Petitioner

---

[5] The cited Report and Recommendations was adopted by District Judge Thomas M. Rose over Hand's objections and not further appealed to the Sixth Circuit.

be granted a writ of habeas corpus with the condition that she be unconditionally released unless the Fifth District Court of Appeals reviews her sentence for gross disproportionality and renders a judgment based on that review not later than January 1, 2026.

August 26, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.